**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

HADIA IDRIS HASSEN,

*Petitioner,*

v.

JOHN ASHCROFT, Attorney General,

*Respondent.*

No. 03-1417

On Petition for Review of an Order
of the Board of Immigration Appeals.
(A78-342-874)

Submitted: November 12, 2003

Decided: January 5, 2004

Before MICHAEL and GREGORY, Circuit Judges, and
HAMILTON, Senior Circuit Judge.

Petition denied by unpublished per curiam opinion.

**COUNSEL**

William Payne, BLAIR & LEE, P.C., College Park, Maryland, for
Petitioner. Peter D. Keisler, Assistant Attorney General, Mary Jane
Candaux, Senior Litigation Counsel, Leslie Cayer Ohta, Office of
Immigration Litigation, UNITED STATES DEPARTMENT OF JUS-
TICE, Washington, D.C., for Respondent.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Hadia Idris Hassen, a native and citizen of Ethiopia, petitions for review from the Board of Immigration Appeals' ("Board") order dismissing her appeal from the immigration judge's order denying her application for asylum, withholding of removal and withholding under the Convention Against Torture. We deny the petition for review.

A determination that an alien is not eligible for asylum must be upheld unless that determination is "manifestly contrary to law and an abuse of discretion." 8 U.S.C. § 1252(b)(4)(D) (2000). This Court will reverse the Board "only if 'the evidence presented was so compelling that no reasonable fact finder could fail to find the requisite fear of persecution.'" *Rusu v. INS*, 296 F.3d 316, 325 n.14 (4th Cir. 2002) (quoting *Huaman-Cornelio*, 979 F.2d 995, 999 (4th Cir. 1992) (internal quotation marks omitted)). Credibility findings are reviewed for substantial evidence. A trier of fact who rejects an applicant's testimony on credibility grounds must offer specific, cogent reasons for doing so. *Figeroa v. INS*, 886 F.2d 76, 78 (4th Cir. 1989).

We find the evidence does not compel a finding that Hassen established either past persecution or a well-founded fear of persecution. The immigration judge's finding that Hassen was not credible is supported by substantial evidence.

We further find Hassen was not prejudiced as a result of alleged due process errors occurring during the hearing before the immigration judge and on appeal to the Board.

The standard for receiving withholding of removal is "more stringent than that for asylum eligibility." *Chen v. INS*, 195 F.3d 198, 205 (4th Cir. 1999). An applicant for withholding must demonstrate a

clear probability of persecution. *INS v. Cardoza-Fonseca*, 480 U.S. 421, 430 (1987). As Hassen failed to establish entitlement to asylum, she cannot satisfy the higher standard for withholding of removal.

Accordingly, we deny the petition for review. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*PETITION DENIED*